**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LIEN HAI LE,<br><br>Plaintiff,<br><br>v.<br><br>SUSAN DIBBINS,<br><br>Defendant. | ) | Civil Action No. 8:25-cv-02371-LKG<br><br>Dated: September 14, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff, Lien Hai Le, challenges the United States Citizenship and Immigration Services' ("USCIS") decision to reject her administrative appeals of the denial of a Form I-526 petition, pursuant to the Administrative Procedures Act (the "APA"), 5 U.S.C. § 551, *et seq*. *See generally* ECF No. 1. The Government has moved to dismiss the complaint, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ECF No. 28. The motion is fully briefed. ECF Nos. 28, 29 and 30. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS-in-PART** the Government's motion to dismiss (ECF No. 28) and (2) **DISMISSES** the complaint **WITHOUT PREJUDICE**.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff challenges the USCIS's decision to reject her administrative appeals of the denial of a Form I-526 petition, pursuant to the APA. *See generally* ECF No. 1. Specifically, the Plaintiff alleges that the USCIS violated the APA by rejecting her untimely appeals, because the appeals met the requirements for a motion to reopen under 8 C.F.R. § 103.5(a)(2), and the agency's decision to reject the appeals was not in accordance with the law. *Id.* at ¶¶ 20-25. As relief, the Plaintiff seeks, among other

[1] The facts recited in this Memorandum Opinion are taken from the complaint; the Government's motion to dismiss, the memorandum in support thereof and the exhibits attached thereto; the Plaintiff's response in opposition thereto; and the Government's reply brief. ECF Nos. 1, 28, 28-5, 28-6, 28-7, 28-8, 29 and 30.

things, certain declaratory relief and to recover attorney's fees and costs from the Government. *Id.* at Prayer for Relief.

<u>The Parties</u>

Plaintiff Lien Hai Le is a citizen of Vietnam who currently resides in Virginia. *Id.* at ¶ 2.

Defendant Susan Dibbins is the Chief of USCIS's Administrative Appeals Office ("AAO") and a resident of Maryland. *Id.* at ¶¶ 3-4.

<u>The EB-5 Program</u>

As background, Congress created the EB-5 Program as part of the Immigration Act of 1990, which provides lawful permanent residence for a limited number of "qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . . in which such alien has invested . . . which will benefit the United States economy and create full-time employment for not fewer than 10 [qualifying employees]." *Id.* at ¶ 5 (citing 8 U.S.C. § 1153(b)(5)). The first step in the path to permanent residency through the EB-5 Program is to file a Form I-526 petition. *Id.* at ¶ 6 (citing 8 C.F.R. § 204.6(a)).

A petitioner who has had an I-526 petition denied may file a Form I-290B as a motion to reopen or reconsider the denial, or as an appeal, within 30 days of the date of the decision. *See* 8 C.F.R. §§ 103.3(a)(2)(i) and 103.5(a)(1)(i); *see also* When to Use Form I-290B, Notice of Appeal or Motion, https://www.uscis.gov/i-290b/eligibility (last visited Sep. 11, 2026). In this regard, the applicable regulations provide that, if a Form I-290B is filed as an appeal, the appeal is reviewed by the AAO, which conducts administrative review of the denial of the I-526 petition. *See* 8 C.F.R. § 103.3(a)(1)(iv). But the regulations also provide that "[a]n appeal which is not filed within the time allowed must be rejected as improperly filed." 8 C.F.R. § 103.3(a)(2)(v)(B)(1).

Relevant to this case, the USCIS's regulations regarding untimely appeals provide that:

> If an untimely appeal meets the requirements of a motion to reopen as described in § 103.5(a)(2) of this part or a motion to reconsider as described in § 103.5(a)(3) of this part, the appeal must be treated as a motion, and a decision must be made on the merits of the case.

8 C.F.R. § 103.3(a)(2)(v)(B)(2). In this regard, the USCIS's regulations provide, in relevant part, that "[a] motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence." 8

C.F.R. § 103.5(a)(2).[2]

<u>The Plaintiff's Petitions And Appeals</u>

On September 6, 2019, the Plaintiff filed a Form I-526 petition with the USCIS as a preliminary step to obtaining lawful permanent residence in the United States, on the basis of her investment in an entity known as Lighthouse Point Project, LP. ECF No. 1 at ¶ 7. Thereafter, the USCIS acknowledged receipt of the Plaintiff's Form I-526 petition. *Id.* at ¶ 8.

The Plaintiff alleges that the USCIS sent her a notification explaining that it denied her petition on September 11, 2024. *Id.* at ¶ 9. And so, the Plaintiff filed a motion to reopen the petition (the "First Motion to Reopen"), pursuant to 8 C.F.R. § 103.5, on October 9, 2024. *Id.* at ¶ 10. The Plaintiff alleges that on October 14, 2026, the USCIS rejected the First Motion to Reopen, because she omitted the receipt number and petition type from the Form I-290B. *Id.* at ¶ 11.

On October 22, 2024, the Plaintiff filed a second motion to reopen her Form I-526 petition (the "Second Motion to Reopen") to address these deficiencies. *Id.* at ¶ 12. The Plaintiff alleges that the USCIS also rejected the Second Motion to Reopen on October 28, 2024, because the Form I-290B was incomplete. *Id.* at ¶ 13.

Given this, the Plaintiff alleges that the deadline for submitting a motion to reopen had expired, by the time of the USCIS's denial of the Second Motion to Reopen. *Id.* at ¶ 14 (citing 8 C.F.R. § 103.5(a)(1)(i)). And so, the Plaintiff filed an administrative appeal (the "First Appeal") of the USCIS's decision to deny her petitions on November 20, 2024. *Id.* at ¶ 16.

In the First Appeal, the Plaintiff states, among other things, that:

> We are hereby providing evidence that the remaining $132,761 in investment funds were transferred exactly in the same manner as described previously for most of the finds as well as clarifying the confusion concerning payment of taxes. The new information demonstrates by a preponderance of the

---

[2] Courts have held that "an untimely appeal only 'meets the requirements' of a motion to [reopen] if it both satisfies the criteria listed in [§ 103.5(a)(2)] *and* if the filing delay is excused by USCIS under § 103.5(a)(1)(i)." *Venigalla v. United States Citizenship & Immigr. Servs.' Admin. Appeals Off.*, 822 F. Supp. 3d 1, 4 (D.D.C. 2026) (emphasis in original). Several courts have also held that the decision whether to excuse an untimely motion to reconsider or reopen "l[ies] entirely within" USCIS's "discretion," so a federal District Court would "lack[ ] jurisdiction to review it." *Bestman v. Dep't of Homeland Sec.*, No. 20-564, 2025 WL 358764, at *6 (D.D.C. Jan. 31, 2025) (quoting *Grewal v. USCIS*, No. 8-1439, 2009 WL 4061523, at *5 n.8 (W.D. Pa. Nov. 23, 2009), *aff'd*, 409 F. App'x 598 (3d Cir. 2011)); *see also, e.g.*, *Awah v. Holder*, No. 9-1732, 2010 WL 2572848, at *3-4 (D. Md. June 23, 2010) (citing cases).

> evidence that Mrs. Le's own funds were transferred to the company by Tuan Son Ltd in Vietnam directly to Wallex in Singapore. Given that Mrs. Le's own funds were transferred from Vietnam to Singapore and then to the United Sates, request about bank statements, tax statements, etc. of third parties involved in the transfers are irrelevant bade upon the [USCIS's] own adjudicatory history.

ECF No. 28-6, Def, Ex. 6 (November 19, 2024, Appeal) at 3. The Plaintiff also states that:

> Based on the new information provided, backed by physical evidence, the parameters for a motion to reconsider are met and the Administrative Appeals Office has jurisdiction to render a decision on this untimely appeal on the merits pursuant to 8 C.F.R. 103.3(a)(2)(v)(B)(2).

*Id.* The USCIS rejected the First Appeal as untimely on March 4, 2024. ECF No. 1 at ¶ 17; ECF No. 28-5, Def. Ex. 5 (March 4, 2025, Notice of Rejection).

On March 21, 2025, the Plaintiff filed a second untimely appeal related to the rejection of her petition (the "Second Appeal"). ECF No. 1 at ¶ 18; ECF No. 28-7, Def. Ex. 7 (March 21, 2025, Appeal). In the Second Appeal, the Plaintiff states that, "[i]n this instance, this appeal is supported by new documentary evidence that demonstrates exactly how the remaining $132,761 were transferred to the United States." ECF No. 28-7 at 3. The Plaintiff also states that "[t]his is not a discretionary request for the [USCIS] to accept this appeal, 8 C.F.R. 103.3(a)(2)(v)(B)(2) is clear that the [USCIS] must review this filing on the merits, because it meets the substantive requirements for a motion to reopen pursuant to 8 C.F.R. 103.5(a)(2). *Id.*

On May 22, 2025, the USCIS rejected the Second Appeal on jurisdictional grounds (the First Appeal and Second Appeal, collectively referred to herein as the "Appeals"). ECF No. 1 at ¶ 19; ECF No. 28-8, Def. Ex. 8 (May 22, 2025, Notice of Rejection).

The Plaintiff alleges that she had the option to file an administrative appeal of the denial her Form I-526 petition, pursuant to 8 C.F.R. § 103.3(a)(2)(v)(B)(2), because this regulation provides that: "[i]f an untimely appeal meets the requirements of a motion to reopen as described in § 103.5(a)(2) of this part or a motion to reconsider as described in § 103.5(a)(3) of this part, the appeal must be treated as a motion, and a decision must be made on the merits of the case." 8 C.F.R. § 103.3(a)(2)(v)(B)(2). In this regard, the Plaintiff alleges that the First Appeal complied with the requirements of a motion to reopen, pursuant to 8 C.F.R. § 103.5(a)(2), because this Appeal "state[d] the new facts to

be provided in the reopened proceeding and [was] supported by affidavits or other documentary evidence." ECF No. 1 at ¶ 16 (alterations in original).

Given this, the Plaintiff contends that the USCIS's decisions to reject the Appeals violated the APA, because 8 C.F.R. § 103.3(a)(2)(v)(B)(2) requires that the USCIS treat her appeals as a motion to reopen and render a decision on the merits of that motion. *Id.* And so, the Plaintiff seeks, among other things, a declaratory judgment declaring that the USCIS's rejections of the Appeals were not in accordance with law, and to recover attorney's fees and costs from the Government. *Id.* at Prayer for Relief.

**B. Relevant Procedural Background**

The Plaintiff commenced this civil action on July 21, 2025. ECF No. 1. On December 15, 2025, the Government filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and a memorandum in support thereof. ECF No. 28.

On December 29, 2025, the Plaintiff filed a response in opposition to the Government's motion. ECF No. 29. The Government filed a reply brief on January 5, 2026. ECF No. 30.

The Government's motion to dismiss having been fully briefed, the Court resolves the pending motion.

## II. LEGAL STANDARDS

**A. Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In this regard, the United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a

plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

**B. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).[3]

**C. The APA**

Lastly, the APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702 (2006). But such judicial review is limited under the APA to those agency actions made reviewable by statute and the statute excludes from review any agency decisions which are precluded from judicial review by law, or relegated to agency discretion by law. *See* 5 U.S.C. §§ 701(a)(1)-(2) and 704 (2006); *see also Awah v. Holder*, No. 9-1732, 2010 WL 2572848, at *4 (D. Md. June 23, 2010). In this regard, courts have held

---

[3] A motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) "must be treated as one for summary judgment" when "matters outside the pleadings are presented" to the Court. *See* Fed. R. Civ. P. 12(d). The United States Court of Appeals for the Fourth Circuit has held, however, that documents are not considered to be matters outside of the pleadings if they are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

that "[a]gency action is committed to agency discretion by law 'where the relevant statute [or regulation] is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.'" *Kondapally v. U.S. Citizenship & Immigr. Servs.*, 557 F. Supp. 3d 10, 25 (D.D.C. 2021) (quoting *Dep't of Com. v. New York*, 588 U.S. 752, 772 (2019)).

## IV. ANALYSIS

The Government has moved to dismiss this APA case, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), upon the following two grounds: (1) the Plaintiff has not established that the Court has subject-matter jurisdiction over her APA claim challenging the USCIS's rejection of her Appeals, because the decision to reject the Appeals lies entirely within the USCIS's discretion and (2) the Plaintiff fails to state a claim under the APA, because the Appeals do not meet the criteria for a motion to reopen under the applicable regulations. ECF No. 28 at 17-20. And so, the Government requests that the Court dismiss the complaint. *Id.* at 20.

In her response in opposition to the Government's motion, the Plaintiff argues that the Court should not dismiss this matter, because, among other things: (1) the USCIS has no discretion regarding whether to consider to treat the Appeals as a motion to reopen and to resolve the motion on the merits and (2) her reading of 8 C.F.R. § 103.3(a)(2)(v)(B)(2) is not absurd. ECF No. 29 at 10-19. And so, the Plaintiff requests that the Court deny the Government's motion to dismiss. *Id.* at 19-20.

For the reasons that follow, a careful reading of the complaint shows that the Plaintiff has not met her burden to establish that the Court possesses subject-matter jurisdiction to consider her APA claim, because the complaint lacks factual allegations to show that the Appeals at issue in this case meet the requirements for a motion to reopen. For these same reasons, the Plaintiff fails to state a claim under the APA. And so, the Court: (1) GRANTS-in-PART the Government's motion to dismiss (ECF No. 28) and (2) DISMISSES the complaint WITHOUT PREJUDICE.

### A. The Plaintiff Has Not Established Jurisdiction

As an initial matter, the Government persuasively argues that the Plaintiff has not met her burden to establish the Court's subject-matter jurisdiction over her APA claim challenging the USCIS's decision to reject the Appeals. It is well-established that the Plaintiff bears the burden of establishing that subject-matter jurisdiction exists in this case. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). And so, if the Plaintiff "fails to

allege facts upon which the [C]ourt may base jurisdiction," then the Court should grant the Government's motion to dismiss for lack of subject-matter jurisdiction. *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).

In this case, the Plaintiff relies upon the APA to establish subject-matter jurisdiction. ECF No. 1 at ¶ 1. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . is entitled to judicial review thereof." 5 U.S.C. § 702 (2006). But, as the Government correctly observes in its motion to dismiss, the Court's judicial review is limited under the APA to those agency actions made reviewable by statute and the statute excludes from review any agency decisions which are precluded from judicial review by law, or relegated to agency discretion by law. *See* 5 U.S.C. §§ 701(a)(1)-(2) and 704 (2006); *see also Awah v. Holder*, No. 9-1732, 2010 WL 2572848, at *4 (D. Md. June 23, 2010). And so, to establish jurisdiction under the APA, the Plaintiff must show that the USCIS's decisions to reject the Appeals at issue in this case are not precluded from judicial review by law, or relegated to agency discretion by law.

To do so here, the Plaintiff relies upon the USCIS's regulations governing untimely appeals of its decisions on I-526 petitions, which provide, in relevant part, that:

> If an untimely appeal meets the requirements of a motion to reopen as described in § 103.5(a)(2) of this part or a motion to reconsider as described in § 103.5(a)(3) of this part, the appeal must be treated as a motion, and a decision must be made on the merits of the case.

8 C.F.R. § 103.3(a)(2)(v)(B)(2). The parties disagree about whether Section 103.3(a)(2)(v)(B)(2) limits the USCIS's discretion regarding the review of untimely administrative appeals. *See generally* ECF Nos. 28 and 29. But there is a threshold question in this case about whether this regulation applies to the Appeals at issue here. And so, the Court first considers whether Section 103.3(a)(2)(v)(B)(2) is applicable to the Plaintiff's claim.

In this regard, the Court reads the plain language of Section 103.3(a)(2)(v)(B)(2) to require that an untimely appeal first meet the requirements of a motion to reopen (or a motion for reconsideration) under the USCIS's regulations, before this regulation can apply to an untimely appeal. The relevant USCIS regulation, Section 103.5(a)(2), describes a "motion to reopen" and provides that "[a] motion to reopen must state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence." 8 C.F.R. § 103.5(a)(2). And so, given this requirement, the Court reads Section 103.3(a)(2)(v)(B)(2) to also require that the Plaintiff show that

the Appeals at issue here state new facts to be provided in the reopened proceeding and that those facts are supported by affidavits or other documentary evidence.

As the Government persuasively argues, the Plaintiff has not made such a showing in this case. In the complaint, the Plaintiff generally alleges that the First Appeal complied with the requirements of a motion to reopen, pursuant to 8 C.F.R. § 103.5(a)(2), because this Appeal "state[d] the new facts to be provided in the reopened proceeding and [was] supported by affidavits or other documentary evidence." ECF No. 1 at ¶ 16 (alterations in original). But the complaint neither contains factual allegations to support this conclusory statement, nor identifies the new facts allegedly provided in the First Appeal. *See generally* ECF No. 1.

While the Plaintiff argues in her response in opposition to the Government's motion to dismiss that "[t]he new facts and documentary evidence included a letter from a percipient witness, Hiro Kiga, addressing the path of funds for the missing $132,761" (ECF No. 29 at 7), and that "[t]he new facts and documentary evidence also included articles from financial firms demonstrating that there is no gift tax in Vietnam on parent-child transfers" (*id.* at 18-19), these allegations are not contained in the complaint. *See generally* ECF No. 1. Nor does the Plaintiff adequately explain in her responsive brief how the "new facts" that she identifies are different from the facts provided to the USCIS during its review of her petition. *See generally* ECF No. 29. Without this important information, the Plaintiff simply has not shown that the Appeals at issue in this case "state the new facts to be provided in the reopened proceeding and be supported by affidavits or other documentary evidence," to fall within the scope of Section 103.3(a)(2)(v)(B)(2).

Given this, the Plaintiff can neither establish subject-matter jurisdiction under the APA in this case, nor show that she states a plausible APA claim, based upon the USCIS's alleged failure to comply with Section 103.3(a)(2)(v)(B)(2). And so, the Court must DISMISS the Plaintiff's APA claim. Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

The Court observes as a final matter that the Plaintiff may be able to remedy the defects in her APA claim, by amending the complaint to add additional factual allegations to show that her Appeals qualify as a motion to reopen. And so, the Court will DISMISS the complaint WITHOUT PREJUDICE to allow the Plaintiff the opportunity to seek leave to amend the complaint to add factual allegations to establish jurisdiction and state a claim under the APA.

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in PART** the Government's motion to dismiss (ECF No. 28); and

(2) **DISMISSES** the complaint **WITHOUT PREJUDICE**.

A separate Order consistent with this Memorandum Opinion issued on September 11, 2026.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge